## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

JAMIE ALBERTO TORRES SOTO,

  Plaintiff,

v.

CITY OF AURORA, COLORADO;
OFFICER ETHAN YAZDANI,
  in his individual capacity;
SERGEANT REGINALD DEPASS,
  in his individual capacity;
OFFICER KRISTI MASON,
  in her individual capacity;

  Defendants.

Case No. 18-cv-02986-DDD-STV

### Objection to Motion to Restrict Access

1. Eugene Volokh submits this objection to plaintiff Torres's Motion to Restrict Access (Doc. 45). "Any person may file an objection to the motion to restrict no later than three court business days after posting," D.C.COLO.LCivR 7.2(d), which in this case is October 24, 2019. *See Recently Filed Motions to Restrict*, http://www.cod.uscourts.gov/Seal.aspx (motion posted October 21, deadline October 24).

Volokh is a professor at UCLA School of Law, and publishes a blog at the Reason Magazine site, http://reason.com/volokh, where he often writes about First Amendment matters and in particular about public access to court documents. (He is filing this motion solely in his personal capacity, as is customary for professors, and not on behalf of UCLA.) Volokh would like to evaluate and possibly write about any decision whether to restrict access in this case, but cannot do so because the motion to restrict access appears not to comply with LCivR 7.2.

1

**2.** LCivR 7.2(c) expressly provides that,

A motion to restrict public access shall be open to public inspection and shall:
. . .

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); . . . .

Properly followed, this gives members of the public the opportunity to evaluate whether the sealing appears justified, and, if necessary, to file concretely supported objections (under LCivR 7.2(d)).

But plaintiff's Motion to Restrict Access does not expressly "address the interest to be protected," explain "why such interest outweighs the presumption of public access," or "identify a clearly defined and serious injury." It simply asserts that Doc. 44-2 contains "sensitive and irrelevant matters" (Motion to Restrict Access at ¶ 2), and that the filing of the document violated the parties' agreement. Yet such violation of an agreement is not itself "a clearly defined and serious injury"—just as the parties' stipulations "are insufficient to justify restriction," LCivR 7.2(c)(2), so are violations of the parties' agreements.

And merely labeling information as "sensitive and irrelevant" does not constitute "identify a clearly defined and serious injury," does not identify "the interest to be protected," and does not explain "why such interest outweighs the presumption of

public access." Nor does the motion to restrict "explain why no alternative to restriction" (such as "redaction") "is practicable." *See Mohn v. Progressive Ins.*, No. 18-cv-00812-MSK-KMT, 2019 WL 2341559, \*9 (D. Colo. June 3, 2019) (appeal pending) (rejecting argument that "the documents in question 'contain confidential information related to [non-parties] . . .,' and disclosure of this (unidentified) information 'would expose and potentially embarrass,'" because "[s]uch references are vague and conclusory, and as such fail to comply with the requirements of D.C. Colo. L. Civ. R. 7.2(c)(2)-(4)"); *Sentegra, LLC v. Asus Computer Int'l*, 2017 WL 3388741, \*3 (D. Colo. Aug. 6, 2017) (rejecting motion to restrict when "Asus has offered only general invocations of privacy interests and hypothetical concerns of vague 'competitive disadvantage' that might result if its billing rates were disclosed," which "is insufficient to carry its burden under Local Rule 7.2").

Of course, the Court, which has access to Doc. 44-2, might quickly grasp the plaintiff's underlying concern, and might therefore decide whether to grant the motion. But the premise of LCivR 7.2 is that

1.  not just the Court but the public should be able to understand the basic thrust of the argument for sealing ("A motion to restrict public access shall be open to public inspection" and "Notice of the filing of such motion shall be posted on the court's website"), and

2.  members of the public should have enough information that they can make reasoned arguments to the Court about the sealing decision ("Any person may file an objection to the motion to restrict").

3

Plaintiff's conclusory Motion to Restrict Access fails to provide such information to the public, and makes it impossible for Volokh to articulate any more concrete objections to the sealing request.

"A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135 (10th Cir. 2011). "[S]ecret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). The same principle applies to the proceeding deciding whether to seal a document; such a proceeding should be backed by an explanation that is as clear and concrete as possible. To be sure, such an explanation may itself reveal certain information that a party would prefer not to reveal; but that is a necessary consequence of LCivR 7.2, and of the requirement that "[a] motion to restrict public access shall be open to public inspection."

**3.** For this reason, Volokh asks this Court to deny the Motion to Restrict, with an opportunity for plaintiff to refile a motion clearly explaining the basis for his request.

Respectfully submitted,

s/ Eugene Volokh

Eugene Volokh, pro se
UCLA School of Law
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## CERTIFICATE OF SERVICE

I certify that on October 22, 2019, I served this material by ECF on all parties.


s/ <u>Eugene Volokh</u>

Eugene Volokh, pro se